**In re: UPLAND PARTNERS, a Hawaii Limited Partnership, Debtor.**

**William S. Ellis, Jr., Appellant,**

v.

**Kessner Duca Umebayashi Bain & Matsunaga, Appellee.**

No. 04–17170.
D.C. No. CV–04–00182–SOM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.*

Decided Sept. 2, 2005.

R.App. P. 34(a)(2).

William S. Ellis, Jr., Honolulu, HI, pro se.

Steven Guttman, Esq., Kessner Duca Umebayashi Bain & Matsunaga, Honolulu, HI, for Appellee.

Before WALLACE, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

William S. Ellis, Jr., who claims an interest as an unsecured creditor in the estate of Chapter 11 debtor Upland Partners, appeals pro se from the district court's order affirming the bankruptcy court's order permitting retention of special counsel to the trustee and awarding special counsel approximately $11,622 in fees and expenses. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the bankruptcy court without deference to the district court's determinations. *Galam v. Carmel (In re Larry's Apartment, LLC),* 249 F.3d 832, 836 (9th Cir.2001). We review findings of fact for clear error, conclusions of law de novo, and an award of attorney's fees for abuse of discretion. *Id.* We affirm.

The order appealed from was sufficiently final to establish our jurisdiction because it distinctly and conclusively resolved appellee's rights. *See Silver Sage Partners, Ltd., v. City of Desert Hot Springs (In re City of Desert Hot Springs),* 339 F.3d 782, 778 (9th Cir.2003); *see also Yermakov v. Fitzsimmons (In re Yermakov),* 718 F.2d 1465, 1469 (9th Cir. 1983) (order determining final compensation for counsel who have been discharged from the bankruptcy proceedings is final and therefore subject to immediate appellate review).

We agree with the district court's conclusion that the bankruptcy court's appointment of appellee as special counsel for the trustee was necessary and in the best interest of the estate. *See* 11 U.S.C. § 327(a). Similarly, we agree with the district court's conclusion that the bankruptcy court properly approved the compensation and reimbursement requested by appellee. *See* 11 U.S.C. § 328(a).

Ellis's remaining contentions are also without merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.